UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COREY JAMES SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-03151-JPH-MPB |
| | ) |
| REAGLE, et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR COUNSEL

The plaintiff's motion for appointment of counsel, dkt. [3], has been considered. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018) (*quoting Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote,* 503 F.3d 647, 653 (7th Cir. 2007); *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc)); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)). Here, the plaintiff has reasonably attempted to secure private counsel. His motion reflects that he has contacted six attorneys without success. He should continue his attempts to recruit counsel on his own.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (7th Cir. 2014) (quoting *Pruitt,* 503 F.3d at 655). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The plaintiff's current motion for counsel reflects that he is competent to litigate this action on his own.[1] His claim that he was held in long-term segregation without due process is relatively straightforward. He has personal knowledge of the alleged events. Although he reports that he dropped out of school after completing seventh grade and has a learning disability that affects his reading comprehension, his complaint and other filings indicate that the plaintiff's reading and

---

[1] If the plaintiff's claims survive summary judgment, the Court will undertake efforts to recruit counsel to assist him at trial.

writing skills are sufficient to litigate this case through summary judgment. He states that he suffers from post-traumatic stress disorder, psychosis, and depression, which affects his ability to focus. He also has limited knowledge of the law.

The plaintiff's current motion reflects that he faces the same challenges as nearly all prisoners proceeding pro se. As the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that all pro se litigants face. But Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014). Given the massive amount of pro se prisoner litigation, it is simply impossible to recruit pro bono counsel for each of these cases.

For these reasons, the plaintiff is simply not one of the many pro se prisoners that requires the assistance of counsel. The plaintiff is competent to litigate this action himself at this stage of the case. Accordingly, the motions for counsel, dkt. [3], is **denied**. Should the limitations mentioned in the plaintiff's motion interfere with his ability to comply with deadlines in this case, he may file motions for extensions of time.

**SO ORDERED.**

Date: 3/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

COREY JAMES SMITH
197539
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

3