UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COREY JAMES SMITH, | ) |
|                Plaintiff, | ) |
| v. | ) No. 1:20-cv-03151-JPH-MPB |
| REAGLE Warden; at Pendleton ISR, et al. | ) |
|                Defendants. | ) |

**ORDER SCREENING COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Indiana Department of Correction (IDOC) inmate Corey James Smith commenced this 42 U.S.C. § 1983 action on December 8, 2020 and paid an initial partial filing fee on February 5, 2021. Dkt. 9. The Court now screens the complaint and makes the following rulings.

**I.      Screening Standard**

Because the plaintiff is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings

1

liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names eight defendants: (1) Warden Reagle; (2) Caseworker A. Ross; (3) Director of Classification Paula Dixon; (4) Unit Team Manager Amburn; (5) J. Cook; (6) D. Arnold; (7) Grievance Specialist C. Conyer; and (8) Program Director Ashe.

The following allegations are set forth in the plaintiff's complaint. The plaintiff was housed at Pendleton Correctional Facility (Pendleton) when he filed his complaint. He has since been transferred to Wabash Valley Correctional Facility (Wabash Valley). He alleges that all eight defendants work at Pendleton.

The plaintiff was placed in restrictive housing on July 13, 2013, while he was incarcerated at Indiana State Prison. He did not receive a disciplinary report and was not told why he was placed in segregation. He was later classified as "department-wide administrative segregation." Dkt. 1 at 2. He was then transferred to the Westville Control Unit for two years before being transferred to the Wabash Valley Secured Housing Unit. At some point he suffered a mental breakdown. He was eventually transferred to Pendleton and remained in segregation through the filing of his complaint. He was denied transfer to general population and access to the facility's step-down program even though he had a clear conduct record for more than a year. He has not received 30-day or 90-day reviews. Eight and a half years in segregation have caused him psychological damage.

Defendants Dixon, Reagle, and Conyer have ignored or denied the plaintiff's classification appeals and grievances regarding his complaints. Defendant Ross has admitted to the plaintiff that staff violate policy by relying on bad conduct from 20-30 years ago to justify keeping him and

others in segregation. The complaint's allegations against counselors Arnold and Cook are not entirely clear, but the Court construes the complaint to allege that counselors Arnold and Cook attempted to release the plaintiff from segregation or place him in programs that would result in his release, but Warden Reagle thwarted their attempts. The plaintiff seeks injunctive relief and compensatory and punitive damages.

### III.
### Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against Unit Team Manager Amburn and Program Director Ashe are **dismissed** because the complaint makes no factual allegations against them. "For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (citation and quotation marks omitted). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted).

Second, the factual allegations against defendants Cook and Arnold, as construed by the Court, do not support a claim that these defendants violated any of the plaintiff's constitutional rights. The plaintiff alleges that these defendants attempted to transfer him out of segregation, but defendant Reagle ensured that the paperwork was changed so that the intentions of defendants Cook and Arnold were not implemented. Therefore, all claims against defendants Cook and Arnold are **dismissed**.

Third, to the extent the complaint attempts to raise an Eighth Amendment conditions of confinement claim, it is **dismissed** for failure to state a claim. In cases involving the conditions of confinement in prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: first, an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Seventh Circuit has held that "prolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment . . . depending on the duration and nature of the segregation and whether there were feasible alternatives to that confinement." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 666 (7th Cir. 2012) (citing *Walker v. Shansky*, 28 F.3d 666, 673 (7th Cir. 1994)); *see also Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). The plaintiff states the legal conclusion that he suffered atypical and significant hardship as a result of the length of his stay in segregation, but he alleges no facts describing the nature of his confinement in segregation that would support a claim that he was denied minimal life necessities. The plaintiff may file an amended complaint if he intends to pursue a conditions of confinement claim and has supporting factual allegations.

This action **shall proceed** with Fourteenth Amendment claims against four defendants pursuant to 42 U.S.C. § 1983: 1) Warden Reagle; 2) A. Ross; 3) Paula Dixon; and 4) C. Conyer. This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 6, 2021,** in which to identify those claims.

## IV.
## Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process electronically to defendants Reagle, Ross, Dixon, and Conyer in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint, dkt. [1] applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Because all claims against them have been dismissed, the **clerk is directed** to terminate Amburn, J. Cook, D. Arnold, and Ashe as defendants on the docket.

**SO ORDERED.**

Date: 3/19/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

COREY JAMES SMITH
197539
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Warden Reagle
A. Ross
Paula Dixon
C. Conyer

   (All at Pendleton Correctional Facility)