UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COREY JAMES SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-03151-JPH-MPB |
| REAGLE Warden; at Pendleton ISR, et al. | ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO DISREGARD FILING,
GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, SCREENING
AMENDED COMPLAINT, AND DIRECTING SERVICE OF PROCESS**

On April 6, 2021, the plaintiff filed a motion for leave to file an amended complaint with an attached proposed amended complaint. Dkt. 20. Before the Court screened the amended complaint, the plaintiff filed another amended complaint on May 6, 2021. Dkt. 27. On May 11, 2021, the plaintiff filed a motion to correct error and disregard the amended complaint filed on May 6, 2021. That motion, dkt. [28], is **granted**. The amended complaint filed on May 6, 2021, is disregarded and of no effect.

The plaintiff's motion for leave to amend his complaint, dkt. [20], is **granted**. The **clerk is directed** to redocket the proposed amended complaint at dkt. 20-1 as the Amended Complaint which is now the operative complaint in this action. The Court now screens the amended complaint and makes the following rulings.

**I.
The Amended Complaint**

The Court previously screened the plaintiff's original complaint and allowed Fourteenth Amendment claims to proceed against four defendants at Pendleton Correctional Facility (PCF) based on the plaintiff's allegations that he was confined in long-term segregation without due

process. Dkt. 15. The amended complaint's caption names 34 defendants: the four current PCF defendants, thirteen additional employees of PCF, five employees of Indiana Department of Correction (IDOC) Central Office, five employees of Wabash Valley Correctional Facility (WVCF), four employees of Westville Control Unit (WCU), and three employees of Indiana State Prison (ISP). The amended complaint also names two additional defendants who were not included in the caption: WVCF Warden Frank Vanihel, and PCF Unit Team Manager Grayhouse.

The following allegations are set forth in the plaintiff's amended complaint. The plaintiff was placed in restrictive housing in June 2013 while he was incarcerated at ISP. His placement in restrictive housing was in retaliation for his refusal to intervene in ongoing gang hostilities in the prison. Within days, he was transferred to WCU where he stayed for two years before being transferred to WVCF's Secured Housing Unit. After approximately six months, the plaintiff was again transferred, this time to PCF, where he remained in segregation through the filing of his original complaint.

The conditions of segregation at PCF were harsh. Inmates often set fires to get attention and the ventilation system was inadequate to clear the smoke in the air. Excessive noise interfered with the plaintiff's ability to think and sleep and damaged his hearing. The unit is infested with mice, rats, cockroaches, pigeons, and bugs. The unit is also filthy and smells of urine and human feces. It is extremely cold in the winter and too hot in the summer. The plaintiff was at risk of assault by other inmates. He was denied an opportunity for recreation and out-of-cell exercise for thirteen months.

The plaintiff was denied transfer to general population and access to the facility's step-down program even though he had previously completed four phases of the program at a previous facility. In six years of segregation at PCF, he received only one 30-day review which was a sham.

Defendants Carter, Lemmon, and Basinger were the IDOC Commissioners during the plaintiff's time in PCF's segregation unit. Defendant Hendrix was the IDOC Director of Classification during that time. Defendants Reagle and Zantecky were Wardens of PCF and defendant Dixon was the Supervisor of Classification at PCF during that time. The plaintiff contends that these defendants maintained unconstitutional policies and practices that allowed the plaintiff to remain in segregation at PCF without periodic reviews.

Defendant John Stafford was the Unit Team Director of the PCF segregation unit and defendant Ashe was the Program Director. Defendants Brown, McQuire, Jones, Vickov, Grayhouse, Evans, Shepard, Ross, Amburn, Cook, Martin, and Arnold were case managers and counselors at PCF while the plaintiff was denied 30-day and 90-day reviews.

On February 12, 2021, the plaintiff was transferred back to WVCF and placed in the secured housing unit on department-wide administrative segregation. Conditions at WVCF are comparable to those the plaintiff experienced at PCF. The plaintiff has suffered severe psychological harm as a result of his years in segregation. He seeks compensatory and punitive damages.

## II.
## Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all claims against defendants employed at ISP and WCU, as well as the plaintiff's claims arising from his first stay at WVCF in 2015, are barred by the statute of limitations. Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4. The original complaint in

this action was signed on November 15, 2020, several years after the expiration of Indiana's 2-year statute of limitations for those claims.

The plaintiff argues that the older claims are not barred due to the doctrine of continuing harm. Dkt. 20-1 at 32. As the Seventh Circuit recently explained,

> The continuing violation doctrine ... is aimed at ensuring that illegal conduct is punished by preventing a defendant from invoking the earliest manifestation of its wrongdoing as a means of running out the limitations clock on a course of misconduct that persisted over time; the doctrine serves that end by treating the defendant's misconduct as a continuing wrong and deeming an action timely so long as the last act evidencing a defendant's violation falls within the limitations period. ... Thus, where the violation at issue can be characterized as a continuing wrong, the limitations period begins to run *not* when an action on the violation could first be brought, but when the course of illegal conduct is complete.

*United States v. Spectrum Brands*, 924 F.3d 337, 350 (7th Cir. 2019) (internal citations omitted). "A violation is continuing where it would be unreasonable to require or even permit [a prisoner] to sue separately over every incident of the defendant's unlawful conduct." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). For a continuing harm, the statute of limitations begins to run on the last occurrence of the harm. *Id.* Thus, the plaintiff's claims against the ISP defendants accrued by no later than June 2013, when he was transferred from ISP to WCU. The ISP defendants could no longer be responsible for any harm to the plaintiff after he was transferred away from their facility. *See Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517–18 (7th Cir. 2019). Similarly, his claims against the WCU defendants and his claims based on his time in WVCF during 2015 accrued no later than the unspecified dates in 2015 when he was transferred to WVCF and later to PCF.

"[D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal

4

citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). That is the case here. Accordingly, claims against ISP employees Neal, William Wilson, Debbie Abrams, and WCU employees Mark Levenhagen, Lowry, Sally Nowatzke, D. Barnes, are **dismissed**. The plaintiff's claims arising from his 2015 stay in segregation at WVCF are also **dismissed**.

Similarly, the plaintiff's claims against Former IDOC Commissioners Bruce Lemmon and Edwin Buss, and Former Acting Commissioner Basinger, are **dismissed**. The Court takes judicial notice of the IDOC website which reflects that current IDOC Commissioner Robert E. Carter Jr. was appointed to his position on January 17, 2017. *See* https://www.in.gov/idoc/about-idoc/commissioners-office/. Thus, any claims the plaintiff may have against former commissioners accrued no later than January 17, 2017, more than two years before he filed his original complaint. *See Wilson*, 932 F.3d at 518 ("[I]f a defendant leaves the institution altogether, his involvement in the alleged wrong is over. The date of the defendant's departure thus marks the last possible time when the claim might have accrued.").

The plaintiff's Eighth Amendment and Fourteenth Amendment claims **shall proceed** pursuant to 42 U.S.C. § 1983 against the IDOC Central Office, PCF, and WVCF defendants: Reagle, A. Ross, Paula Dixon, C. Conyer, Robert E. Carter, Jr., Richard Brown, Jim Hendrix, Zantecky, Frank Vanihel, Grayhouse, Brown, John Stafford, McQuire, Matt Leohr, Charles Dugan, Jerry Snyder, Thompson, Arnold, Jones, Cook, Amburn, Evans, Martin, Shepard, Vickov, and Ashe. This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged

in the complaint, but not identified by the Court, he shall have **through June 28, 2021,** in which to identify those claims.

## IV.
## Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process electronically to defendants Robert E. Carter, Jr., Richard Brown, Jim Hendrix, Zantecky, Frank Vanihel, Grayhouse, Brown, John Stafford, McQuire, Matt Leohr, Charles Dugan, Jerry Snyder, Thompson, Arnold, Jones, Cook, Amburn, Evans, Martin, Shepard, Vickov, and Ashe in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to add Robert E. Carter, Jr., Richard Brown, Jim Hendrix, Zantecky, Frank Vanihel, Grayhouse, Brown, John Stafford, McQuire, Matt Leohr, Charles Dugan, Jerry Snyder, Thompson, Arnold, Jones, Cook, Amburn, Evans, Martin, Shepard, Vickov, and Ashe as defendants on the docket.

Defendants Reagle, A. Ross, Paula Dixon, and C. Conyer have already appeared in this action. They shall have **21 days** in which to answer or otherwise respond to the amended complaint.

**SO ORDERED.**

Date: 6/9/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

COREY JAMES SMITH
197539
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to:

Robert E. Carter, Jr.
Richard Brown
Jim Hendrix
    (All at IDOC Central Office)

Zantecky
Grayhouse
Brown
John Stafford
McQuire
Arnold
Jones
Cook
Amburn
Evans
Martin
Shepard
Vickov
Ashe
    (All at Pendleton Correctional Facility)


Frank Vanihel
Matt Leohr
Charles Dugan
Jerry Snyder
Thompson
    (All at Wabash Valley Correctional Facility)